```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


DALTON MCWHINNEY,                §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-05-3927
                                 §
PRAIRIE VIEW A&M UNIVERSITY,     §
DR. JOAHANNE THOMAS-SMITH,       §
ALBERT GEE, DR. ELIZABETH NOEL,  §
ALFRED L. PARKS, GEORGE C.       §
WRIGHT, AND ELMARY WELLS,        §
IN THEIR INDIVIDUAL AND          §
OFFICIAL CAPACITY,               §
                                 §
          Defendants.            §
```

MEMORANDUM AND ORDER

Pending is Defendants Prairie View A&M University, Dr. Joahanne Thomas-Smith, Albert Gee, Dr. Elizabeth Noel, Alfred L. Parks, George C. Wright, and Elmary Wells's Motion to Dismiss Plaintiff's Second Amended Complaint (Document No. 13).  After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

I.  Background

Plaintiff Dalton McWhinney ("Plaintiff"), who is Jamaican, sues his former employer Defendant Prairie View A&M University ("PVAMU"), and PVAMU employees Dr. Joahanne Thomas-Smith, Albert

Gee, Dr. Elizabeth Noel, Alfred L. Parks, George C. Wright, and Elmary Wells in their official capacities (the "Individual Defendants") for race discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 1983.[1]  Plaintiff also brings a state law breach of contract claim against PVAMU.

Plaintiff alleges that he was a faculty member at PVAMU for approximately ten years when PVAMU sought out a former student, set up a secret meeting with her off-campus, interrogated her, and coerced her into making false accusations against Plaintiff and drafting a false complaint against him.  *See* Document No. 4 ¶¶ 11-12.  Plaintiff asserts that PVAMU questioned several witnesses regarding Plaintiff's alleged conduct, and all of them denied that Plaintiff had ever engaged in any inappropriate conduct as a faculty member at PVAMU.  Plaintiff alleges that, notwithstanding the exonerating statements, PVAMU terminated Plaintiff for allegations that it knew were false.  Plaintiff contends that PVAMU breached his employment contract and did not follow policy in terminating Plaintiff, and he alleges that some of the Individual Defendants participated in the decision to terminate him.  Id. ¶¶ 14-15.  Plaintiff contends that (1) his race and national origin were motivating factors in his termination, (2) PVAMU had a policy or custom of discriminating against Jamaican Americans, and

---

[1] The Court previously dismissed all claims against the Individual Defendants in their individual capacities, upon Plaintiff's Notice of Dismissal.  *See* Document No. 26.

(3) PVAMU retaliated against Plaintiff and other Jamaican-American employees who complained internally about unequal treatment. Plaintiff seeks back pay, front pay, and "other job benefits"; compensatory and punitive damages; declaratory and injunctive relief; attorney's fees; and pre- and post-judgment interest. Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that (1) Defendants are entitled to sovereign immunity; (2) the Court lacks jurisdiction under the *Rooker-Feldman* doctrine; (3) Plaintiff's claims are barred by *res judicata*;[2] and (4) Plaintiff has failed to state a claim upon which relief may be granted.

## II.  Standard of Review

"Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." Warnock v. Pecos County, Tex., 88 F.3d 341, 343 (5th Cir. 1996). Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party

---

[2] Plaintiff had previously sued PVAMU and others in state court alleging defamation of character, breach of contract, wrongful termination, violations of 42 U.S.C. § 1981 and § 1983, and intentional infliction of emotional distress, which suit against PVAMU was dismissed on PVAMU's plea to the jurisdiction.

3

seeking to invoke it.  *See* Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002); Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).[3]  In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Id.  A court must take the facts as true and resolve inferences and doubts in the plaintiff's favor.  In re Supreme Beef Processors, Inc., 391 F.3d 629, 633 (5th Cir. 2004).  When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing the attack on the merits.  Ramming, 281 F.3d at 161.  *See also* Martin v. Tex. Dep't of Protective & Regulatory Servs., No. Civ.A. H-04-4160, 2005 WL 2095194, at *5 (S.D. Tex. Aug. 30, 2005) (Rosenthal, J.); Simmang v. Tex. Bd. of Law Exam'rs, 346 F. Supp. 2d 874, 880 (W.D. Tex. 2004).

---

[3] Defendants include with their motion to dismiss several exhibits. When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). The party responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. Id. Defendants' motion here can be ruled on as a facial attack without reference to the exhibits.

III.  Discussion

A.  Section 1981 and 1983 Claims

Defendants argue that they have Eleventh Amendment immunity to suit in federal court on Plaintiff's §§ 1981 and 1983 claims. Absent waiver by the State or abrogation by Congress, the Eleventh Amendment bars actions against a state entity in federal court by private parties seeking monetary relief.  *See* Chacko v. Tex. A&M Univ., 960 F. Supp. 1180, 1197-98 (S.D. Tex. 1997), *aff'd*, 149 F.3d 1175 (5th Cir. 1998).  *See also* Clay v. Texas Women's Univ., 728 F.2d 714, 715 (5th Cir. 1984).  This immunity extends to federal claims against state employees acting in their official capacities. *See* Ganther v. Ingle, 75 F.3d 207, 209 (5th Cir. 1996) (observing that "[f]ederal claims against state employees in their official capacities are the equivalent of suits against the state."); Monell v. New York City Dept. of Soc. Serv., 98 S. Ct. 2018, 2036 n.55 (1978).  PVAMU and the Individual Defendants acting in their official capacities, as arms of the State of Texas, are entitled to Eleventh Amendment immunity from §§ 1981 and 1983 claims in federal court.  *Cf.* Chacko, 960 F. Supp. at 1198 (holding that Texas A&M University, as an alter ego of the State of Texas, is accorded Eleventh Amendment immunity, and plaintiff cannot maintain §§ 1981 and 1983 claims against it).  *See, e.g.,* Wallace v. Tex. Tech. Univ., 80 F.3d 1042, 1047 n.3 (5th Cir. 1996); Sessions v. Rusk

State Hosp., 648 F.2d 1066, 1068 (5th Cir. 1981). PVAMU has not waived its sovereign immunity. Therefore, Plaintiff's claims for damages under §§ 1981 and 1983 against PVAMU and the Individual Defendants in their official capacities will be dismissed.

It is well-settled, however, that the Eleventh Amendment does not bar suits for prospective injunctive or declaratory relief against a state official in his official capacity acting in violation of federal law. *See* Ex Parte Young, 28 S. Ct. 441, 449-50 (1908); Aguilar v. Tex. Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998), *cert. denied,* 120 S. Ct. 130 (1999). Here, Plaintiff seeks a permanent injunction "prohibiting [PVAMU], its officers, agents, employees and successors, from engaging in the discriminatory employment practices complained of herein."[4] *See* Document No. 4 at 9. This court has jurisdiction over claims for prospective relief only "if a reasonable likelihood exists that *the plaintiff* will again be subjected to the allegedly unconstitutional actions." Wallace, 80 F.3d at 1047 n.3 (emphasis in original) (denying as moot plaintiff's claim for prospective injunctive relief where plaintiff did not seek reinstatement and

---

[4] States and state agencies have immunity from suits for prospective injunctive relief. *See* Clay, 728 F.2d at 716 (citing Alabama v. Pugh, 98 S. Ct. 3057 (1978) (ordering the State of Alabama and the State's Department of Corrections dismissed from a lawsuit for injunctive relief on grounds that the Eleventh Amendment prohibits suits directly against States)). To the extent that Plaintiff seeks injunctive relief from PVAMU under 42 U.S.C. §§ 1981 and 1983, those claims are DISMISSED.

6

thus would not reasonably be subjected to allegedly unconstitutional actions again). *See* Fernandez v. San Antonio Housing Auth., No. Civ. SA05CA106XR, 2005 WL 2656671, at *10 (W.D. Tex. Oct. 11, 2005) (dismissing as moot on same grounds plaintiff's claim for injunctive relief from future statutory violations), *order vacated in part on other grounds*, 2006 WL 1073450 (W.D. Tex. Apr. 10, 2006). Here, Plaintiff does not seek reinstatement, and he has pled no facts to support a reasonable likelihood that he again will be subjected to the allegedly discriminatory employment practices of which he complains. As such, this Court lacks jurisdiction over Plaintiff's claim for prospective injunctive relief against PVAMU's "officers, agents, employees and successors," and this claim is dismissed.

Plaintiff also seeks a declaration that "the practices described in this complaint exist at Defendants' places of employment and that they are unlawful." *See* Document No. 4 at 9. Plaintiff, who is no longer employed by PVAMU and does not seek reinstatement, has not shown that he has standing to seek this relief. *See, e.g.,* Am. Postal Workers Union v. Frank, 968 F.2d 1374, 1376 (1st Cir. 1992) (finding that, although a past injury may confer standing to seek money damages, it does not ordinarily confer standing for declaratory and injunctive relief unless the plaintiff demonstrates a "sufficient likelihood that he will again be wronged in a similar way.") (quoting Los Angeles v. Lyons, 103

S. Ct. 1660, 1670 (1983)).  Moreover, Plaintiff seeks a non-prospective declaration that the Court cannot grant. *See, e.g.,* Aquilar, 160 F.3d at 1054 ("To meet the *Ex Parte Young* exception . . . the relief sought must be declaratory or injunctive in nature and prospective in effect."); Martin v. Tex. Dep't of Protective & Regulatory Servs., No. Civ.A. H-04-4160, 2005 WL 2095194, at *7 n.3 (S.D. Tex. Aug. 30, 2005) (Rosenthal, J.) (finding that plaintiffs were not entitled to a non-prospective declaration that "the Defendant's actions were wrongful" because "such a judgment might be offered as res judicata on the issue of liability and would serve as a partial 'end run' around Eleventh Amendment sovereign immunity.") (quoting Green v. Mansour, 106 S. Ct. 423, 428 (1985) (internal quotations omitted); Adler v. Pataki, 204 F. Supp. 2d 384, 390 (N.D.N.Y. 2002) (dismissing requested declaration that "Plaintiff was . . . wrongfully terminated and that Defendants' conduct was illegal" because "such a declaration would serve no prospective purpose and, thus, it is barred by the Eleventh Amendment."); Soc'y of Separationists, Inc. v. Herman, 959 F.2d 1283, 1287 (5th Cir. 1992) ("It is appropriate that we recognize that reality [that a non-prospective declaratory judgment is an "end run" around a defendant's sovereign immunity] in determining whether declaratory relief is warranted.").  As such, Plaintiff's claim for non-prospective declaratory relief fails.

B.   Breach of Contract Claim against PVAMU

PVAMU, in addition to its Eleventh Amendment immunity from a suit for damages, contends that it is entitled to sovereign immunity for Plaintiff's state law breach of contract claim because Plaintiff does not have legislative consent to sue PVAMU. Under Texas law, the State of Texas and its governmental units are immune from suit for breach of contract claims absent express legislative consent. *See* Tooke v. City of Mexia, -- S.W.3d --, 2006 WL 1792223, at *3 (Tex. June 30, 2006) (not yet released for publication); Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002), *superseded by statute on other grounds as stated in* Tooke, -- S.W.3d --, 2006 WL 1792223. The burden to show consent to suit rests with the plaintiff. *See* id.; Flores v. Sanchez, No. EP04CA056PRM, 2005 WL 1804434, at *3 n.9 (W.D. Tex. July 29, 2005). A party may establish consent by referencing a statute or legislative resolution. Gen. Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). Legislative consent to suit must be expressed by "clear and unambiguous" language. Id. Plaintiff does not allege that the Legislature has consented to suit in this instance, either by statute or otherwise. Plaintiff's breach of contract claim will be dismissed.[5]

---

[5] Because the Court lacks jurisdiction over Plaintiff's claims, the Court need not address Defendants' alternative arguments for dismissal.

IV.  Order

Accordingly, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Document No. 13) is GRANTED, and Plaintiff Dalton McWhinney's claims are DISMISSED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 7th day of August, 2006.

                                        EWING WERLEIN, JR.
                                   UNITED STATES DISTRICT JUDGE